UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GREGORY LAMB,<br><br>        Plaintiff,<br><br>v.<br><br>GOV. WALKER, SHERIFF CLARK, CAPTAIN SOBEK, CAPTAIN BONUCKIT, LT. PERRY WRIGHT, LT. MEADORS, LT. GROVE, LT. MCGEE, DANA TAFT, NURSE KIRK, NURSE CAGE, NURSE ROACH, NURSE GREY, RN ANGELA NIGHTINGALE, DR. PORTER, CAPTAIN SOLEMAN, RO MURRAY, RO WILBORN, RO DANZIER, RO ZETTING, RO JENSEN, RO BRAY, RO MEKILUCKY, RO JOSH, RO JEGERE, RO VILLIGAN, and RO RULZ,<br><br>        Defendants. | Case No. 17-CV-220-JPS<br><br><br><br><br><br><br><br>**ORDER** |

    Plaintiff, who is presently confined at the Mendota Mental Health Institute, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On February 17, 2017, he filed a motion for leave to proceed *in forma pauperis.* (Docket #2). For the reasons stated below, that motion must be denied.

    As part of the Prison Litigation Reform Act ("PLRA"), if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*

unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he or she has accrued three dismissals under this section.

Here, the Court finds that Plaintiff has already accrued at least three strikes and should, therefore, be prohibited from proceeding *in forma pauperis.* Plaintiff has received strikes in at least the following cases: (1) *Lamb v. Cooper*, No. 98-3324, 215 F.3d 1330 (7th Cir. 2000); (2) *Lamb v. Snyder*, No. 00-C-772 (C.D. Ill.); and (3) *Lamb v. Ryan*, No. 00-C-114 (C.D. Ill.). Indeed, Plaintiff has even been subject to a *Mack* bar in the Central District of Illinois for his incessant and frivolous filings. *See Lamb v. Madigan*, No. 07-1271, 2007 WL 3085874, at *1 (C.D. Ill. Oct. 19, 2007); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997); *Support Sys. Int'l Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995).

Having determined that Plaintiff has three strikes against him, the Court turns to the consideration of whether he meets the exception for "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, Plaintiff's complaint is a stream-of-consciousness document that is difficult to parse. It appears that Plaintiff makes various complaints of unauthorized use of his personal identifying information, Medicaid fraud, unlawful detention without due process of law, ineffective assistance of counsel during underlying criminal proceedings, and denial of access to courts, among other things. As best the Court can tell, Plaintiff is unhappy being held at the Mendota Mental Health Institute because he believes he is mentally competent. Whatever may be the conditions at that facility, Plaintiff does not allege that he is in imminent danger of serious physical harm there. At worst, it appears Plaintiff was injured and treated—not to his satisfaction—in June

of 2016. The Court does not find that Plaintiff is faced with an imminent danger of serious physical injury.

The Court further notes that Plaintiff's motion would be denied in any event, without reference to the three-strike rule. The motion states that Plaintiff receives $800 per month in disability income, but does not state what, if any, expenses this income is used for. Proceeding *in forma pauperis* is a privilege, not a right, and without a showing that Plaintiff's expenses meet or exceed his income, the Court cannot grant him the privilege. *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). More importantly, he has attempted to deceive the Court. The "litigation history" portion of the form motion is blank, despite the fact that Plaintiff has an extensive history in federal courts. Fraud on the Court is reason enough to deny Plaintiff *in forma pauperis* status. *Foryoh v. Banas*, 231 F. App'x 484, 485 (7th Cir. 2007).

For the reasons stated above, the Court will deny Plaintiff's motion to proceed *in forma pauperis* (Docket #2). Accordingly, in order to proceed in this action, Plaintiff must prepay the $400.00 filing fee and all other applicable fees and costs related to this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff must prepay the $400.00 filing fee in this action by **March 17, 2017**. The Court cautions Plaintiff that the failure to pay the filing fee or otherwise respond to this Order will result in the dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge